IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO SIMMONS,

    Plaintiff,

v.  :  CIVIL ACTION NO.: CV614-012

STANLEY WILLIAMS; CARL FOUST;
JAMES DEAL; WAYNE JOHNSON;
JOHNATHAN SANTIAGO; CURTIS
WHITFIELD; ANTONIO ABALOS;
and ZECHARIAH JONES,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss. Plaintiff filed a Response. Defendants filed a Reply. Plaintiff also filed a Declaration, which is not responsive to Defendants' Motion, and a Surreply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he has been wrongly identified as a being a member of the "good fella" gang. As a result, Plaintiff contends that Defendants Williams, Deal, and Johnson ordered Defendants Whitfield, Abalos, Santiago, and Jones to place Plaintiff in administrative segregation pending investigation for suspected gang activity. Plaintiff also contends that he denounced any involvement with this gang to Defendant Foust, who has refused to take any action in this matter. Plaintiff asserts that he has not had a

AO 72A
(Rev. 8/82)

hearing on this matter, and that his placement in administrative segregation imposes an atypical and significant hardship on him. To this end, Plaintiff asserts that he has been deprived of adequate nutrition and has suffered weight loss.

Defendants contend that Plaintiff's Complaint should be dismissed as a sanction because he did not answer questions on the civil complaint form in a truthful manner. Defendants also contend that Plaintiff failed to exhaust his administrative remedies on his Eighth Amendment claim. Defendants assert that Plaintiff fails to state a claim for relief and that his monetary damages claims are barred. Defendants also assert that they are entitled to qualified immunity.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff submitted his Complaint using the "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" this Court uses. Defendants assert that Plaintiff responded "no" to the question of whether he had ever begun any other lawsuit involving the same facts as those in this action. Defendants also assert that Plaintiff has brought a cause of action in this Court involving the same issues as he raises in this case, <u>Fielder and Simmons v. Williams, et al.</u>, CV613-74, which was dismissed without prejudice because the claims were joined improperly. Defendants allege that Plaintiff was able to file another lawsuit involving the same claims as those in CV613-74, but he was required to disclose the earlier lawsuit on the complaint form for this case. Defendants aver that Plaintiff, who is proceeding *in forma pauperis*, failed to truthfully answer questions, and dismissal of this cause of action without prejudice is an appropriate sanction.

2

AO 72A
(Rev. 8/82)

Plaintiff asserts that his original Complaint has been superseded by his Amended Complaint, which renders his original Complaint obsolete. Plaintiff also asserts that the phrase "answer truthfully" is open to interpretation, and by his interpretation, he checked "no" because the two (2) complaints do not contain the same facts. Plaintiff further asserts that the two (2) complaints are based on different legal conclusions.

Defendants respond that, even if Plaintiff is correct that his current lawsuit has facts different than those in CV613-74, Plaintiff answered another question on the form complaint untruthfully. Defendants contend that Plaintiff was required to disclose information regarding the same or different sets of facts, and Plaintiff's failure to do either is grounds for dismissal of his cause of action.

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief," the information contained in this document is truthful. See FED. R. CIV. P. 11(b). Rule 11(b) "forbids lying in pleadings, motions, and other papers filed with the court. Zocara v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). Rule 41(b) "makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules." Id. (citing FED. R. CIV. P. 41(b)). "But that discretion is not unlimited, and the '[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.'" Id. (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (alteration in original). "Dismissal with prejudice is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Id.

AO 72A
(Rev. 8/82)

Plaintiff submitted his original Complaint by completing the "Form to be Used by Prisoners in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983" this Court uses. (Doc. No. 1). Plaintiff was asked on this form whether he has "begun other lawsuits in state a federal court dealing with the same facts involved" in the current complaint, and he checked the blank by the word "No". (Doc. No. 1, p. 1). Plaintiff also left blank the spaces below this question which required him to describe each lawsuit. (Id.). Plaintiff also filed an Amended Complaint, but he did not utilize the same form as he did to file his original Complaint. Instead, Plaintiff completed a "free form" complaint in his own writing which did not include the sections inquiring about other lawsuits dealing with the same facts as those involved in this case. (Doc. No. 24).

The facts of Plaintiff's separate lawsuits are the same, even if the causes of action for which he seeks relief are not completely identical to each other. In CV613-74, Plaintiff named as defendants: Stanley Williams; James Deal; Wayne Johnson; Eric Smokes; Curtis Whitfield, Antonio Abalos; and Johnathan Santiago. With two (2) exceptions, the named Defendants in this case are the same (Carl Foust in a named Defendant in this case but Eric Smokes is not, and Plaintiff has added Zechariah Jones as a named Defendant in this case). In addition, Plaintiff stated in his complaint in CV613-74 that he "presented the facts relating to this complaint (in Grievance # 145943)." (CV613-74, Doc. No. 1, p. 4). Plaintiff asserts in his Complaint in CV614-12 that he "presented the [f]acts relating to this complaint (in Grievance # 145943)." (Doc. No. 1, p. 3). Plaintiff reiterated this assertion in his Amended Complaint. (Doc. No. 24, p. 2). Furthermore, Plaintiff asserted in his complaint in CV613-74 the following facts: 1) he was removed from the general population at Smith State Prison and was placed in

AO 72A
(Rev. 8/82)

administrative segregation because the good fella gang members were being locked down, even though he is not a member of the good fella gang but a member of the Muslim faith; 2) Defendant Santiago told Plaintiff to write a denouncement statement; 3) CERT brought someone into segregation on or around March 15, 2013, and he asked that Defendant Santiago come to his cell; 4) he spoke to every administrative office between February 12 and March 18, 2013; 5) Warden Williams told Plaintiff, "'I don't know what you [are] grieving about. I'm the Warden at this prison, and nothing you do can change that, I'm going to hold you as long [as I] want to.'"; 6) he was denied religious services, adequate nutrition, and other matters; and 7) he was retaliated against because he filed grievances. (CV613-74, Doc. No. 1, pp. 6–8, 18, 22). Plaintiff makes these same allegations in CV614-12, even considering his Amended Complaint. (Doc. No. 24, pp. 4–7, 9, 11).

The undersigned rejects Plaintiff's explanation that his "interpretation" of this question to mean the "same facts", and based on his interpretation, his separate causes of action do not contain the same facts. (Doc. No. 49, p. 3). Plaintiff did not answer truthfully the question on the form prisoners housed within this district use to file a 42 U.S.C. § 1983 complaint. The undersigned notes Plaintiff's contention that his Amended Complaint supersedes his original Complaint, and therefore, anything in his original Complaint cannot be considered. However, Plaintiff overlooks the fact that, in writing his Amended Complaint, he did not include a section in his handwritten form regarding the existence of a previously-filed cause of action dealing with the same facts as those involved in this case. (Doc. No. 24, p. 1). The undersigned makes no opinion as to whether Plaintiff had an improper motive in failing to respond truthfully to this

question in his original Complaint or in omitting this section in his Amended Complaint. Plaintiff's misinterpretation of this question and/or omission of this section, even if inadvertent or mistaken, do not relieve Plaintiff of his obligation to answer truthfully. Plaintiff signed his Complaint and Amended Complaint under penalty of perjury. (Doc. No. 1, p. 17; Doc. No. 24, p. 17).

The dismissal of Plaintiff's Complaint, without prejudice, appears to be the appropriate sanction in this case because of Plaintiff's abuse of the judicial process. Plaintiff's prisoner account printout and his *in forma pauperis* status reveal that he does not have sufficient funds to pay a monetary sanction, if the Defendants had so moved. Allowing Plaintiff to once again amend his Complaint to correct his response would "serve to overlook his abuse of the judicial process." Hood v. Thompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (noting that the district court was correct in its conclusion that allowing the plaintiff to amend his complaint to acknowledge what he should have already disclosed "would serve to overlook the judicial process."); see also, Johnson v. Telfair State Prison, CV313-47, 2013 WL 4084637 (S.D. Ga. Aug. 13, 2013) (dismissing plaintiff's complaint, in part, because he failed to answer questions about previous lawsuits truthfully); Thomas v. Ammons, CV409-139, 2009 WL 5174109 (S.D. Ga. Dec. 23, 2009) (dismissing complaint without prejudice for abuse of judicial process after plaintiff failed to properly answer question about the filing of previous lawsuits); and Dinkins v. Smalley, No. 307-43, 2008 WL 160699 (S.D. Ga. Jan. 14, 2008) (same).

It is unnecessary to address the remaining grounds of Defendants' Motion to Dismiss.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, as a sanction for Plaintiff's abuse of the judicial process.

**SO REPORTED** and **RECOMMENDED**, this 29th day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)